CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
RODRIGO BOZOGHLIAN.: STATE BAR NO.: 249732
**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
**E-Mail: cmay@tharpe-howell.com**
**E-Mail: gsharaga@tharpe-howell.com**
**E-Mail: rbozoghlian@tharpe-howell.com**
Attorneys for Defendants,
        Lowe's HIW, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

|  |  |
|---|---|
| DONNA HANSON,<br><br>                    Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC., an<br>Entity, form unknown; LOWE'S HIW,<br>INC., a California Corporation; and<br>DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. EDCV11-2055 - PSG (OPx)<br><br>(San Bernardino County Superior Court<br>Case No. CIVRS1107789)<br><br>PROTECTIVE ORDER<br>**AGREED ORDER OF PROTECTION** |

It appearing to the Court that the Plaintiff and Defendant are in agreement that Lowe's HIW, Inc. (hereinafter "the Defendant") possesses proprietary policies and procedures, as well as personnel files of present and former employees, that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1.      All documents produced or information disclosed and any other documents or records designated as "confidential" by the Defendant shall be revealed only to Plaintiff, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action. The information considered as "confidential"

- 1 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1    and disclosed only in accord with the terms of this paragraph shall include, without

2    limitation, all of the Defendant's policies and procedures, as well as personnel

3    records, including disciplinary records, identity, or any other information or

4    documentation supplied by the Defendant in response to Plaintiff's Interrogatories or

5    Requests for Production.

6        2.    Counsel for Plaintiff shall use all documents and information produced

7    or disclosed by the Defendant solely for the purposes of preparation for and trial of

8    this action.  Under no circumstances shall information or materials covered by this

9    Protective Order be disclosed to anyone other than Plaintiff's counsel of record in

10   this action, paralegals, secretarial employees under counsel's direct supervision, and

11   such persons employed to act as experts in this action.  At the conclusion of the

12   proceedings in this action, all documents and information subject to this Order,

13   including any copies or extracts or summaries thereof, or documents containing

14   information taken therefrom, shall be returned to counsel for the Defendant.

15       3.    Prior to disclosure of any documents designated as "confidential" to

16   paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall

17   require such employees to read this Protective Order and agree to be bound by its

18   terms.

19       4.    If counsel for Plaintiff determines that for purposes of this action,

20   documents or information produced by the Defendant and designated as

21   "confidential" must be revealed to a person employed to act as an expert in this

22   action, then counsel may reveal the designated documents or information to such

23   person, after first complying with the following:

24       (a)    Counsel for the Plaintiff shall have the expert read this Order and shall

25               explain the contents thereof to such expert.

26       (b)    Counsel for the Plaintiff shall require such expert to sign a copy of this

27               protective order that states: "I have read and understood the terms of

28               this protective order.  I further agree to be bound by its terms." Nothing

1    in this paragraph shall be deemed to enlarge the right of Defendant to

2    conduct discovery of any of Plaintiff's experts, except solely with

3    respect to the ability of such expert to protect confidential information

4    and documents from re-disclosure.

5        5.    In accordance with Local Rule 79-5.1, any papers filed with the Court

6    that contain information that has been designated as "Confidential" or "Attorneys'

7    Eyes Only," shall be accompanied by an application to file the papers or the portion

8    thereof containing the designated information under seal; and the application shall be

9    directed to the judge to whom the papers are directed. For motions, the parties shall

10   file a redacted version of the motion and supporting papers.

11       6.    At the conclusion of the proceedings in this action, all documents and

12   information subject to this Order, including any copies or extracts or summaries

13   thereof, or documents containing information taken therefrom, shall be returned to

14   counsel for the Defendant.

15       7.    This Order is subject to revocation and modification by Order of the

16   Court upon written stipulation of the parties, or upon motion and reasonable notice,

17   including opportunity for hearing and presentation of evidence.

18       Entered this <u>1st</u> day of <u>November</u>, 2012.

19

20                                                          _____
                                                                      Judge
21   **APPROVED FOR ENTRY:**

22   _____

23   Attorney for Plaintiff, Donna Hanson

24   _____

25

26   Attorney for Defendant Lowe's HIW, Inc.

27

28

- 3 -

AGREED ORDER OF PROTECTION

Donna Hanson v. Lowe's Companies, Inc.
Case No.: ED CV 11-2055- PSG(OPx)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.   I served copies of the following documents (specify the exact title of each document served):

# AGREED ORDER OF PROTECTION

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

> Frank E. Marchetti, Esq.
> LAW OFFICE OF FRANK E. MARCHETTI
> 1155 North Central Avenue, Suite 201
> Glendale, CA 91202
> Tel.: (626) 237-0156
> Fax: (626) 628-3208
> Cell: (626) 676-6377
>
> Attorneys for Plaintiff,
> DONNA HANSON

5.   a.   ___   **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b.   **X**   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

        (1)   ___   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

        (2)   **X**   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c.  ____  **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d.  ____  **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e.  ____  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f.  ____  **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.  I served the documents by the means described in item 5 on *(date): October 29, 2012*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 10/29/12 | PATRICIA KANASE | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\24671\Discovery\Agreed Order of Protection - final.dotx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221